UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE JO BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:22-cv-01323-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 15). |

      This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

      Plaintiff presents the following issues:

      1. The ALJ's RFC determination is unsupported by substantial evidence as he failed to properly account for Plaintiff's need for a cane for ambulation and balance.

      2. The ALJ's RFC determination is unsupported by substantial evidence as he failed to properly evaluate Plaintiff's fatigue and the impact it would have on her residual functional capacity.

    3. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints.

(ECF No. 15, p. 2).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

## I. ANALYSIS

### A. RFC Determination

#### 1. Standards

Plaintiff's first two issues argue that the ALJ failed to properly formulate the RFC to account for her (1) need for a cane for balance and (2) fatigue.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

The ALJ formulated the following RFC in this case:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b), except the claimant must be allowed to stand up to 5 minutes after every 30 minutes of sitting and to sit down

>up to 5 minutes after every 30 minutes of standing, while remaining on task. The claimant can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities. The claimant can occasionally push or pull or operate foot controls with both lower extremities. The claimant can occasionally kneel, crouch, stoop, balance, and crawl, as defined in the SCO, and can occasionally climb stairs and ramps. The claimant can never balance on narrow or moving surfaces, but she is able to balance frequently on level surfaces. The claimant can never climb ladders, ropes, and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. The claimant can tolerate occasional exposure to vibration. *The claimant requires a cane to ambulate*. In addition, the claimant is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions. The claimant can occasionally deal with supervisors and co-workers and can never deal with the public. The claimant can occasionally deal with changes in a routine work setting. The claimant cannot perform work requiring a specific production rate, such as assembly line work.

(A.R. 21-22) (emphasis added).

### 2. Plaintiff's need for a cane for balance

Plaintiff acknowledges that the RFC provided that she "requires a cane to ambulate"; however, she argues that "[a]t no point does the ALJ specifically address whether he considered Plaintiff's need for the cane to account for balance as well as ambulation," which renders the RFC unsupported by substantial evidence. (ECF No. 15, p. 14; A.R. 21). Defendant argues that "[t[he ALJ was not required to find that Plaintiff required a cane for balance and Plaintiff simply fails to address the other RFC limitations that the ALJ found that sufficiently accounted for Plaintiff's balancing issues." (ECF No. 20, p. 6).

"Use of a medically-required hand-held assistive device . . . may significantly restrict a claimant's RFC and the occupational base, even if it not disabling *per se*." *Flores v. Colvin*, No. 1:14-CV-02096-SKO, 2016 WL 2743228, at *14 (E.D. Cal. May 11, 2016) (citing SSR 96-9p, 1996 WL 374185, at *7).

>To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case.

SSR 96-9p, 1996 WL 374185, at *7. Moreover, the Court notes that the Ninth Circuit has "repeatedly

held that an ALJ need not discuss all evidence presented to her. Rather, she must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (internal quotations marks and citation omitted). This is because "a rule requiring ALJs to address every argument or piece of evidence, however meritless or immaterial, would unduly detain ALJs in their orderly consideration of Social Security disability benefits claims." *Id.*

With these standards in mind, the Court concludes that the ALJ did not err on this issue. As an initial matter, the Court disagrees with Plaintiff that "the record is replete with notations that Plaintiff used her cane for ambulation as well as balance." (ECF No. 15, p. 14, citing A.R. 354, 435, 483-84, 495-96, 510-11, 517-36, 539, 637). Most of these records simply note that Plaintiff was observed using a cane, without elaborating on the purpose of the cane. (A.R. 355,[1] "Uses a cane"; 495, "Uses cane"; 637, "She walks with a cane all the time.").[2] One of the cited records does not mention cane use at all, but instead noted that Plaintiff's "gait appears to be normal." (A.R. 510). However, two of the cited records mention Plaintiff using a cane for balance. (A.R. 435, "She uses cane. She has trouble with her balance"; 483 "Uses cane for balance.").

Similarly, as discussed above, SSR 96-9p requires "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed" to find that a hand-held assistive device, *e.g.*, a cane, is medically required. As Defendant points out, Plaintiff submitted no such documentation; moreover, Plaintiff acknowledged at the hearing that the cane was never prescribed. (ECF No. 20, pp. 5-6; A.R. 40); *see Cashin v. Astrue*, No. EDCV 09-161 JC, 2010 WL 749884, at *11 (C.D. Cal. Feb. 24, 2010) ("The ALJ was not required to provide any explanation for rejecting evidence that plaintiff used a cane, much less address such evidence in the same manner as competent medical opinion evidence. An ALJ must provide an explanation only when he rejects significant probative evidence. . . . Here, plaintiff points to no significant probative evidence, nor does the Court find any, that his use of a cane was medically necessary, or in any way reflected additional functional limitations not already accounted for in the

---

[1] Plaintiff cites A.R. 354, but that page makes no mention of cane use. The Court presumes that Plaintiff meant to cite A.R. 355.

[2] For readability, some minor changes, such as removing emphasis to quoted text, have been made without indicating each change.

ALJ's residual functional capacity assessment.") (internal quotation marks and citation omitted). To the extent that Plaintiff relies on records observing that she used a cane for balance, such observations are insufficient to find that it was medically required. *Flores*, 2016 WL 2743228, at *14 ("Though Plaintiff is correct that the record is replete with references to his use of a cane, those mentions are all traceable to Plaintiff's self-reports and to his medical sources' observations that he presented with an assistive device. There is no medical documentation establishing the need for an assistive device.").

Plaintiff has not shown that any error would have been harmful. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights."). If an error is inconsequential to the determination that a claimant is not disabled, the error is harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Harmless error is evaluated "in the context of the record as a whole." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012), *superseded by regulation on other grounds*. At the hearing, Plaintiff testified that she started using a cane because she was having trouble wither her balance and the longest that she could stand without a cane was about 45 minutes to an hour. (A.R. 40, 45). The RFC required that Plaintiff "be allowed to stand up to 5 minutes after every 30 minutes of sitting and to sit down up to 5 minutes after every 30 minutes of standing, while remaining on task" and that she "can never balance on narrow or moving surfaces, but she is able to balance frequently on level surfaces." (A.R. 21). Plaintiff fails to explain what additional limitations were warranted and how those limitations would have affected the ultimate determination that she was not disabled. Thus, the Court concludes that any error was harmless. *See Alexander v. Saul*, No. 1:19-CV-01208-SKO, 2021 WL 929615, at *11 (E.D. Cal. Mar. 11, 2021) (finding harmless error where a plaintiff did "not identify what portion of her testimony the ALJ should have credited or what additional limitations should have been included in her mental RFC, nor [did] she explain how the ALJ's mental RFC determination is inconsistent with her testimony").

### 3. Plaintiff's fatigue

Plaintiff also argues that "the ALJ provided no accounting as to how he considered Plaintiff's claims of fatigue when formulating his RFC determination." (ECF No. 15, p. 15).

Defendant argues that "the ALJ included detailed functional limitations in Plaintiff's RFC to account for the limiting effects of her impairments and underlying symptoms." (ECF No. 20, p. 7). The Court finds no error on this issue.

In formulating the RFC, the ALJ recognized that Plaintiff alleged that her symptoms from lupus and fibromyalgia limited her ability to work, specifically noting that Plaintiff alleged that she spends most of the day, up to 10 hours, watching television. (A.R. 22-23; *see* ECF No. 15, p. 16). Moreover, the ALJ recognized that Plaintiff testified that she could not focus and her husband handled important household matters. (A.R. 23).

To account for such complaints, the ALJ formulated a RFC, among other things, limiting Plaintiff to light work, permitting her "to stand up to 5 minutes after every 30 minutes of sitting and to sit down up to 5 minutes after every 30 minutes of standing, while remaining on task," and allowing her to use a cane for ambulation.

Even assuming that the ALJ erred by not more specifically addressing Plaintiff's fatigue, Plaintiff has pointed to no medical evidence, nor offered any developed argument, as to what additional limitations should have been included in the RFC and the affect they would have had on the ALJ's determination that she was not disabled. Thus, any error was ultimately harmless. *See Alexander*, 2021 WL 929615, at *11.

Moreover, the ALJ noted that multiple State agency medical consultants had reviewed the record and found Plaintiff capable of light work with some additional limitations. (A.R. 25, citing Exhibits B2A and B4A). The ALJ found these opinions somewhat persuasive but crafted an even more restrictive RFC for Plaintiff. (A.R. 21-22, 25).

The Court thus finds no legal error in failing to include additional limitations to reflect Plaintiff's fatigue.

**B. Plaintiff's Subjective Complaints**

Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons to reject her subjective complaints, but instead "simply summarized benign portions of the medical record" to support the opinion. (ECF No. 15, p. 17). Defendant argues that the ALJ "provided multiple valid reasons" to reject her subjective complaints. (ECF No. 20, p. 9).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle*, 533 F.3d at 1161 ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of Carmickle's testimony is supported by substantial evidence under the clear-and-convincing standard.").

As to Plaintiff's subjective complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to produce [her] symptoms." (A.R. 23). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony. Here, the ALJ acknowledged Plaintiff's subjective complaints as follows:

> Upon filing for disability, the claimant has alleged her lupus fibromyalgia, peripheral neuropathy, degenerative disc disease, bipolar disorder, depression, and anxiety have limited her ability to work (Ex. B2E/2). The claimant completed a function reports dated August 6, 2020 and January 10, 2021 detailing her limitations (Exs. B4E and B10E). In the reports, the claimant generally reported significant pain making it difficult to sit and stand as well as difficulty being around others due to symptoms from depression and anxiety (Exs. B4E/1 and B10E/2). The claimant reported she spends most of her time lying down and

> watching television (Exs. B4E/2 and B10E/3). The claimant reported needing to sit to put on her pants as well as help getting outof the bathtub (Exs. B4E/2 and B10E/3). The claimant reported she doesn't need reminders for personal care but does not take engage in personal care when depressed (Exs. B4E/3). The claimant reported the ability to prepare simple meals but is unable to do household chores (Exs. B4E/3 and B10E/4). The claimant reported she only goes out for doctor appointments but otherwise has not problems getting along with others except when overwhelmed or anxious (Exs. B4E/4-5 and B10E/5-6). The claimant reported she is not able to pay attention long and has problems following instructions (Exs. B4E/6 and 10E/7). Physically, the claimant also reported her conditions affect her ability to lift, squat, bend, stand, walk, sit, kneel, and stair climb (Ex. B4E/6 and 10E/7).
>
> At the hearing, the claimant testified she is not able to work because of constant pain, balance issues, and memory loss. The claimant also testified she uses a cane which was not prescribed but she started using due to balance issues. In a normal day, the claimant testified she spends most of it, up to 10 hours, lying down and watching television. The claimant testified she is most comfortable lying down but still has pain at a level of six out of 10. The claimant described her pain as sharp or throbbing. In addition, the claimant testified she has numbness in her feet and lower legs. Due to her depression and anxiety, the claimant testified she isolates and has crying spells at least once a month. The claimant testified she is unable to focus, and her husband handles the bills and important household things. Overall, the claimant testified she can stand 45 minutes to one hour without her cane. The claimant also testified she can sit for one to one and half hours at a time.

(A.R. 22-23).

Thereafter, the ALJ provided an overview of the medical records, in the process, noting that some records supported limitations consistent with Plaintiff's complaints, but not limitations to the degree she claimed. For example, noting neurology records and Plaintiff's testimony about using a cane for balance, the ALJ concluded that a RFC "reduc[ing] the time the claimant is required to sit, stand, and walk as well as limiting the claimant to a light exertional level . . . accommodates both pain and neurologic issues." (A.R. 24). Similarly, the ALJ noted that follow-up visits showing mild tenderness to the spine and hips supported "limiting postural movements to occasionally." (A.R. 24). However, the ALJ determined that "the objective physical evidence in this case does not support greater limits than addressed in the residual functional capacity assessed above." (A.R. 24). Although the lack of supporting evidence cannot be the sole basis to discount testimony, it can be a factor, and was properly considered here. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be

rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Additionally, the ALJ discounted the degree of Plaintiff's subjective complaints because they were inconsistent with the record. For example, the ALJ noted records showing that Plaintiff "engag[ed] in activities beyond her alleged limitations." (A.R. 24). Specifically, the ALJ pointed out that Plaintiff babysits her three-year-old grandchild, and in fact, reported babysitting most weekdays, which that ALJ noted could be "quite demanding both physically and emotionally." (A.R. 25). During this time, she also reported doing well with treatment and took her medications without side effects. (A.R. 25). It was reasonable for the ALJ to conclude that such reports were inconsistent with Plaintiff's disabling limitations, *e.g.*, that she was in constant pain and laid down for ten hours a day. (A.R. 41, 46). *Molina*, 674 F.3d at 1113 ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *see Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

In short, the Court concludes that the ALJ provided legally sufficient reasons to reject Plaintiff's subjective complaints.

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated: **October 31, 2023**   /s/ Eric P. Groj
UNITED STATES MAGISTRATE JUDGE

9